IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNICE BARKSDALE | : |
| Plaintiff, | : |
| v. | : No. 02-4397 |
| KHL MARKET SQUARE, L.P., | : |
| UNITED STATES POSTAL SERVICE | : |
| Defendants | : |

### DEFENDANT, KLH MARKET SQUARE, L.P. INCORRECTLY IDENTIFIED AS KHL MARKET SQUARE L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, KLH Market Square, L.P. ("KLH"), by and through counsel, hereby files Answer to Complaint, and New Matter, and in so doing states:

1. Denied. Answering party is without sufficient information to form a belief.

2. Denied. KLH Market Square, L.P. is a partnership.

3. Admitted.

4. Admitted in part, Denied in part. It is admitted that KLH owned the property located at Mermaid and Crittenden Lanes in Philadelphia. The remaining averments are legal conclusions which require no response. By way of further answer, various properties located therein were leaseholds, possessed and controlled by tenants.

5. Denied. The averments are legal conclusions which require no response.

6. Admitted in part, Denied in part. Admitted that the property was owned by KLH. The remainder are legal conclusions which require no response. By way of further answer, the leases speak for themselves and must be read in their entireties.

7. Denied. Defendant denies the existence of a dangerous and defective conditions. Defendant denies plaintiff suffered injuries or damages as a result of actions or inactions of defendant.

8. Denied. The averments are legal conclusions which require no response.

9. Denied. Answering party denies negligence, carelessness and recklessness. Plaintiff's injuries and damages, although denied, were caused by her own negligence and carelessness.

10. Denied. Answering party denies a dangerous condition existed, and denies knowledge of same.

11. Denied. Answering party denies a dangerous condition existed, and denies knowledge of same.

12. Denied. Although defendant denies a dangerous condition existed, defendant denies the legal conclusions as set forth in this averment as no response is required.

13. Denied. Answering party denies negligence, carelessness, and recklessness. Answering party specifically denies it:

    a. Improperly maintained the premises;

      b.    Allowed the premises to become dangerous, and denies it failed to take steps to protect others;

      c.    Failed to properly inspect;

      d.    Failed to properly repair;

      e.    Failed to warn, and denies a dangerous condition existed;

      f.    Failed to use reasonable prudence;

      g.    Failed to properly and adequately inspect, and failed to take steps to eliminate hazards, and failed to warn;

      h.    Allowed concrete surface to become broken and uneven;

      i.    Failed to maintain a duty, and denies a dangerous condition existed;

      j.    Failed to adequately warn and failed to take measures;

      k.    Disregarded the rights, safety and position of the plaintiff and others;

      l.    Failed to use reasonable prudence and care;

      m.    Otherwise failed to exercise care.

    14.-17.    Denied. Defendant denies plaintiff suffered injuries or damages as a result of actions or inactions of defendant.

    WHEREFORE, Defendant demands judgment in its favor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails for violation of the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence and carelessness were the cause of her claimed injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries and or damages were caused by others over whom defendant had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries and damages were caused by superseding and intervening acts of others.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to join indispensable parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries were pre-existent.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claimed medical treatment was unreasonable and unnecessary.

WHEREFORE, Defendant requests that New Matter be Granted and that Plaintiff's Complaint be Dismissed.

                PLAKINS RIEFFEL & RAY, P.C.

        BY:_____
                BRIAN M. MARRIOTT, ESQUIRE
                140 East State Street
                P.O. Box 1287
                Doylestown, PA  18901
                (215) 345-0801
                Attorney I.D. #82185